IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAURA SAAVEDRA FORERO, )
)
Plaintiff, )
)
v. )        1:24cv930
)
UNIVERSITY OF NORTH CAROLINA AT   )
CHAPEL HILL POLICE DEPARTMENT, et )
al.,                              )
)
Defendants. )

## ORDER

On March 13, 2026, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). (Docs. 31, 32.) Defendants Jeffrey Davis, Matthew Dodson, Forrest Wade Humphrey, and University of North Carolina at Chapel Hill Police Department filed objections within the time limits prescribed by Section 636. (Doc. 33.)

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report.

The court makes two observations in adopting the report. First, Defendants object that Forero's negligent infliction of emotional distress claim should be dismissed on the ground that a recent amendment to the North Carolina Tort Claims Act "gives the

Industrial Commission exclusive jurisdiction to determine whether the Individual Defendants were negligent while acting within the course and scope of their employment even when sued in their individual capacities." (Doc. 33 at 5.) Defendants, however, point this court to no caselaw indicating that the amendment in question has deprived this court of jurisdiction over Forero's claim. (See id.; Doc. 26 at 31.) Most courts have concluded, to the contrary, that the statute does not preclude individual capacity negligence claims in federal court. See Neal v. Carter, No. 5:24-CT-3138-FL, 2026 WL 820852, at *5 & n.4 (E.D.N.C. Mar. 25, 2026) (citing Carias v. North Carolina Dep't of Pub. Safety, No. 1:24-CV-765 (RDA/JLW), 2025 WL 2404530, at *8 (M.D.N.C. Aug. 19, 2025) (collecting cases)). In light of the lack of authority cited by Defendants, the court will deny Defendants' motion to dismiss this claim without prejudice to their raising the issue at a later stage of the litigation. Accord Neal, 2026 WL 820852, at *5 (stating that "[a]t this preliminary stage, the court declines to address this issue based on the conclusory argument offered by defendant").

Second, Defendants assert that qualified immunity applies to Forero's claim against Defendant Forrest Wade Humphrey related to the breadth of the search warrant and to her claim against the Individual Defendants for excessive force. (Doc. 33 at 3-4.) Defendants assert in particular that Forero "failed to provide the

2

Court with any caselaw showing that any of the Individual Defendants' alleged wrongful actions . . . were violations of her clearly established rights." (Doc. 26 at 14.) Defendants fail to acknowledge, however, that the Fourth Circuit applies a split burden of proof for claims of qualified immunity. The plaintiff bears the burden of showing a violation of their rights, while the defendant bears the burden of proving that the right was not clearly established. Stanton v. Elliott, 25 F.4th 227, 233 (4th Cir 2022). Here, Forero has met her burden to allege violations of her rights (Doc. 20 at 15-27); Defendants have failed to meet their burden to show those rights were not clearly established (Doc. 26 at 14-24).[1] The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 25) be granted in part and denied in part, in that the court dismisses all the Second Amended Complaint's claims against all Defendants, except:

1) Forero's Section 1983 claim for damages against Defendant Humphrey in his individual capacity for obtaining an overbroad

---

[1] Qualified immunity, under Section 1983, is distinct from North Carolina's public official immunity. Although qualified immunity "is a purely objective analysis, North Carolina's public official immunity doctrine 'involves a determination of the subjective state of mind of the governmental actor.'" Knibbs v. Momphard, 30 F.4th 200, 227 (4th Cir. 2022) (quoting Andrews v. Crump, 547 S.E.2d 117, 123 (N.C. Ct. App. 2001)). Though the analyses are distinct, the court concludes, in keeping with the Magistrate Judge's Recommendation, that Forero has sufficiently alleged facts to support her burden under both standards.

3

search warrant in violation of the Fourth Amendment;

2) Forero's Section 1983 claim(s) for damages against Individual Defendants in their individual capacities for using excessive force during the service of the search warrant in violation of the Fourth Amendment;

3) Forero's North Carolina common law claims for damages against Individual Defendants in their individual capacities for battery and negligent infliction of emotional distress during the service of the search warrant; and

4) Forero's Americans with Disabilities and Rehabilitation Act claims against Defendant UNC-CH for failing to reasonably accommodate her disability during the service of the search warrant (i.e., the Tackling Sub-Claim).

                              /s/  Thomas D. Schroeder
                         United States District Judge
March 31, 2026

4